IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, 10 S. Howard Street, 3rd Floor Baltimore, MD 21201<br><br>Plaintiff,<br><br>v.<br><br><br>WINEBRENNER TRANSFER, INC., 15109 National Pike Hagerstown, MD 21740<br><br>Defendant. | Civil Action No.<br><br><br>COMPLAINT<br>JURY TRIAL DEMAND |

**NATURE OF THE ACTION**

This is an action under Section 15(a)(3) of the Fair Labor Standards Act of 1938, as amended, Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Tina M. Thompson ("Thompson"), who was adversely affected as a result of such unlawful practices. As alleged with greater particularity below, Defendant Employer Winebrenner Transfer, Inc. ("Defendant Employer") discharged Thompson and provided bad references to her prospective employers in retaliation for her complaining about sex–based unequal pay.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217, to enforce the requirements of the Equal Pay Act of 1963 ("EPA"), codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d), and pursuant to Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII")

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Maryland, Baltimore Division.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of the Equal Pay Act and Title VII, and is expressly authorized to bring this action by Sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217, as amended by Section 1 of the Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705; and by §§ 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Employer has been a Maryland corporation doing business in the State of Maryland, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

6. At all relevant times, Defendant Employer has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7. At all relevant times, Defendant Employer has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i), and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i), and (j).

## STATEMENT OF CLAIMS

8. Thompson began her employment with Defendant Employer as a Driver in April 2011. At no time during her employment was she written up or otherwise disciplined for her conduct on or off the road.

9. Based upon her discussions with male drivers employed by Defendant Employer, Thompson believed that she was being paid at a rate less than the rate which Defendant Employer paid wages to male drivers for equal work.

10. In or around April 2012, and again in May 2012, Thompson complained directly to Defendant Employer owner, Randy Winebrenner ("Winebrenner"), about unequal wages.

11. Each time Thompson complained, Winebrenner responded that he would pay Thompson what he wanted.

12. On or about June 11, 2012 Thompson text messaged Winebrenner, again complaining that she believed she was being paid less than her male counter-parts for the same work.

13. The following day, on or about June 12, 2012, Winebrenner terminated Thompson's employment via text message.

14. The following day, on or about June 13, 2012, Winebrenner told Thompson that she should just quit to avoid "looking bad" to future employers. Thompson refused to quit.

15. After terminating Thompson, Defendant Employer has given negative references to Thompson's prospective employers.

16. Upon information and belief, Winebrenner has informed at least one prospective employer that Thompson was "reckless" and "uncooperative."

17. Defendant Employer disparaged Winebrenner to prospective employees because she complained about sex-based pay discrimination to Winebrenner.

## Count I (Title VII Retaliation Claim)

18. More than thirty days prior to the institution of this lawsuit, Thompson filed a charge with the Commission alleging violations of Title VII and the EPA by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

19. Plaintiff hereby incorporates Paragraphs 8 through 17.

20. Since at least June 12, 2012, Defendant Employer has engaged in unlawful employment practices at its Hagerstown facility, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) by taking adverse employment actions against Thompson because she engaged in the protected activity of complaining about sex-based pay discrimination. Defendant's retaliatory adverse actions included terminating Thompson and disparaging her to prospective employers.

21. The effect of the practices complained of in Paragraph 20, has been to deprive

Thompson of equal employment opportunities and to otherwise adversely affect her status as an employee because of retaliation.

22. The unlawful employment practices complained of in Paragraph 20 were and are intentional.

23. The unlawful employment practices complained of in Paragraph 20 were and are being done with malice or with reckless indifference to the federally protected rights of Thompson.

### Count II (FLSA Retaliation Claim)

24. Plaintiff hereby incorporates Paragraphs 8 through 17.

25. Since at least June 12, 2012, Defendant Employer has engaged in unlawful employment practices at its Hagerstown facility in violation of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), by taking adverse employment actions against Thompson because she engaged in the protected activity of complaining about sex-based pay discrimination. Defendant's retaliatory adverse actions included terminating Thompson and disparaging her to prospective employers.

26. The effect of the practices complained of in Paragraph 25, has been to deprive Thompson of equal employment opportunities and to otherwise adversely affect her status as an employee because of retaliation

27. The unlawful employment practices complained of in Paragraph 25 were and are willful.

28. The unlawful employment practices complained of in Paragraph 25 were and are intentional.

29.     The unlawful employment practices complained of in Paragraph 25 were and are being done with malice or with reckless indifference to the federally protected rights of Thompson.

## PRAYER FOR RELIEF

Wherefore, the Commission requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from retaliating against employees who complain of unlawful discrimination.

B.     Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant Employer to make whole Thompson by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in Paragraphs 20 and 25 and above, in amounts to be determined at trial.

D.     Order Defendant Employer to make whole Thompson by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in Paragraphs 20 and 25 above, including emotional pain, suffering, embarrassment, humiliation, inconvenience and devastation, in amounts to be determined at trial.

E.     Order Defendant Employer to pay Thompson punitive damages for its malicious and/or reckless conduct described in Paragraphs 20 and 25 above, in an amount to be determined at trial.

F.     Grant a judgment requiring Defendant Employer to pay appropriate lost wages in amounts to be determined at trial, an equal sum as liquidated damages, and prejudgment

interest or prejudgment interest in lieu thereof, to Thompson as a result of the acts complained of above.

G.    Grant such further relief as this Court deems necessary and proper in the public interest.

H.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney
Bar No. 04312
(signed by Jennifer Hope with permission of D. Lawrence)

MARIA L. MOROCCO
Supervisory Trial Attorney
Bar No. 24357
(signed by Jennifer Hope with permission of Maria Morocco)

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Baltimore Field Office
10 S. Howard Street, 3rd Floor
Baltimore, MD 21201

_____
JENNIFER L. HOPE
Trial Attorney
Bar No. 94209

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107