IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) CIVIL ACTION NO. |
| v. | ) 1:13-cv-02797(GLR)(SKG) ) ) |
| WINEBRENNER TRANSFER, INC., | ) ) ) |
| Defendant. | ) ) |

## CONSENT DECREE

This action was instituted by Plaintiff, the U.S. Equal Employment Opportunity Commission ("EEOC" or "the Commission"), against Defendant, Winebrenner Transfer, Inc. ("Defendant" or "Winebrenner"), alleging a violation of Section 15(a)(3) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), and Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). The Commission alleged that Defendant discharged Tina Thompson ("Thompson") and provided bad references to her prospective employers in retaliation for her complaining about sex-based unequal pay. Winebrenner Transfer, Inc. denied any wrongdoing.

The EEOC and Defendant desire to resolve this action without the time and expense of continued litigation, and they desire to formulate a plan, to be embodied in a Decree, that will resolve the EEOC's claims and promote and effectuate the purposes of the FLSA, its retaliation prohibition, and Title VII. This Decree does not constitute an admission of wrongdoing or adjudication on the merits of the Commission's case and it shall not be construed as a waiver by the Commission of any contentions of discrimination or retaliation. The Court has examined this

Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure, FLSA and Title VII.

Therefore, upon due consideration of the record herein, it is **ORDERED, ADJUDGED AND DECREED**:

1. This Decree resolves all claims alleged in the Complaint filed by the EEOC in this action, which emanated from the Charge of Discrimination filed by Tina Thompson, EEOC Charge No. 846-2012-56810C.

2. This Decree shall be in effect for a period of two (2) years from the date it is entered by the Court.

3. Defendant and its officers, servants, employees, successors, and assigns are hereby enjoined from violating the provisions of the FLSA and Title VII, and shall refrain from retaliating against any individual because he or she has engaged in protected activity, including by opposing acts of discrimination or participating in investigations of discrimination.

4. In full settlement of damages alleged by the EEOC in this case, Defendant will pay Thompson $42,000.00 within thirty (30) days from the date of entry of the Decree. This figure represents $21,000.00 in lost wages and monetary benefits and $21,000.00 in liquidated damages pursuant to 29 U.S.C. § 216(b). Defendant shall administer proper withholdings from the $21,000.00 portion of the payment representing lost wages and monetary benefits for taxes and required employee contributions under FICA and shall issue to Thompson an Internal Revenue Service Form W-2 to reflect such payment. For the payment made pursuant to 29 U.S.C. § 216(b), Defendant shall issue an Internal Revenue Service Form 1099 to Thompson reflecting this component of the monetary settlement.

5. Within sixty (60) days from the date of entry of the Decree, Defendant's owner and Vice President will obtain training that focuses on Defendant's compliance with federal anti-discrimination laws, with an emphasis on the Equal Pay Act and Title VII. The training will also emphasize the anti-retaliation provisions of federal EEO law. The training will be taken through an online training course previously agreed to by the parties. Within ten (10) days of the training's completion, Defendant will provide certification to the Commission's counsel of record that such training has occurred, including the date of the training.

6. Within thirty (30) days from the date of entry of the Decree, Defendant will implement and disseminate to all existing employees, and begin disseminating to applicants and new hires, an anti-discrimination policy and a complaint procedure for employees who believe they have been discriminated against. Prior to implementing the policy and complaint procedure, Defendant will furnish it to EEOC for review and approval. Within ten (10) days of the implementation and dissemination of the new policy, Defendant will provide certification to the Commission's counsel of record that the same has occurred.

7. Within ten (10) days from the date of entry of this Decree, Defendant will post in all places where notices to employees customarily are posted at its facilities, the Notice attached hereto as Exhibit A and made a part hereof. Said Notice shall be posted and maintained for the life of the Consent Decree and shall be signed by a responsible management official with the date of actual posting shown thereon. Should the Notice become defaced, marred, or otherwise made unreadable, Defendant will ensure that new, readable copies of the Notice are posted in the same manner as heretofore specified. Within ten (10) days of completion of the required posting, Defendant shall forward to the EEOC's attorney of record a copy of the signed Notice attached hereto and written certification that the Notice referenced herein has been posted as

required and a statement of the locations and date(s) of posting.

8. Each party shall bear its own court costs and attorneys' fees.

9. This Court shall retain jurisdiction to enforce the terms of this Decree and will have all available powers to enforce this Decree, including but not limited to monetary sanctions and injunctive relief.

10. Upon motion of the Commission, this Court may schedule a hearing for the purpose of reviewing compliance with this Consent Decree. Prior to such motion, the Commission shall notify the Defendant, in writing, of the alleged non-compliance. Upon receipt of written notice, Defendant shall have fifteen (15) days to either correct the alleged non-compliance, and so inform the other party, or deny the alleged non-compliance in writing. Nothing in this provision shall constitute a waiver by the Commission, after providing notice as described above, of its right to initiate claims for violation(s) of and/or to enforce this Consent Decree, including but not limited to claims for any harm occurring prior to the curing of any violation(s), or from the inadequacy of Defendant's efforts to cure or its failure to cure violation(s). Further, this provision shall not apply, and the Commission shall not be subject to any notice requirement or notice period, in situations where the Commission believes in good faith that a violation of the Decree has occurred and that any delay in seeking enforcement of the Decree and/or relief may result in irreparable harm.

The undersigned counsel of record hereby consent to the entry of the foregoing Consent Decree.

FOR DEFENDANT:

Randy Winebrenner
Vice President, Winebrenner Transfer, Inc.

FOR PLAINTIFF:

Debra M. Lawrence
Regional Attorney

4

Dated: 4/25/14

*[signature]*

Adam D. Greivell
Greivell Law Office, LLC
College Plaza, Suite F
Hagerstown, MD 21742
(240) 310-9150

COUNSEL FOR DEFENDANT

*[signature]* Maria Luisa Morocco by JLH

Maria Luisa Morocco
Supervisory Trial Attorney
EEOC Baltimore Field Office
10 S. Howard St., 3rd Floor
Baltimore, MD 21201
(410) 209-2730

*[signature]*

Jennifer L. Hope
Senior Trial Attorney
EEOC Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107
(215) 440-2841

SO ORDERED.

Signed and entered this 5 day of June, 2014.

*[signature]*

~~George Levi Russell, III~~
United States ~~District Court~~ Magistrate Judge

5